**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2012[*]
Decided July 26, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1003

| | |
|---|---|
| TERRY EVERETT,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>LAWRENCE NGU,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division.<br><br>No. 09 C 50179<br><br>Frederick J. Kapala,<br>*Judge.* |

**O R D E R**

Terry Everett, an Illinois prisoner, sued Dr. Lawrence Ngu, the (now-former) medical director at Everett's prison, under 42 U.S.C. § 1983 for refusing to order physical therapy for him following a shoulder-joint-replacement operation. He charges that the omission constituted deliberate medical indifference that violated the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lee v. Young*, 533 F.3d 505, 509–10 (7th Cir. 2008). The district court granted summary judgment for Dr. Ngu, finding that the grievance Everett

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

filed with the prison was untimely, and he had thus failed to exhaust his administrative remedies. Because we agree that Everett failed to timely exhaust the prison grievance procedures, we affirm the judgment.

The following procedural facts are undisputed. Eleven months after his surgery in January 2008, Everett filed a grievance with prison officials, complaining of debilitating pain in his shoulder and requesting physical therapy. The grievance read, in part:

> Upon many complaints regarding the [shoulder pain] to health care staff, I was recently informed by Dr. Mesrobian and by the [prison's] physical therapist . . . that I now suffer from severe muscle atrophy and frozen shoulder. Both a debilitating condition caused by the absence or lack of therapy post my surgery. I didn't start receiving physical therapy until nine months after my surgery.

A prison grievance official denied the grievance on the merits. He reasoned that Everett was currently receiving physical therapy at the prison, and although Everett requested treatment at an outside medical facility, the choice of provider was not his. Everett appealed to an administrative review board, which also denied the grievance.

In his complaint, Everett seeks compensation for Dr. Ngu's decision in February 2008 to withhold physical therapy. Though he did not grieve that decision until December, Everett admits that on January 23, 2008, thirteen days after his shoulder surgery, a physical therapist at the hospital told him that extended physical therapy was "imperative." He also concedes that during a second visit in February, the therapist repeated that without the therapy, Everett's shoulder would not heal properly.

After the district court concluded that Everett had plausibly alleged that Dr. Ngu violated the Eighth Amendment, Dr. Ngu moved for summary judgment. He argued that Everett filed an untimely grievance and therefore had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). He cited prison rules that require a prisoner to file a grievance within 60 days of discovering the problem. 20 ILL. ADMIN. CODE § 504.810(a). Everett responded that he had been informed about the consequences of Dr. Ngu's indifference only shortly before he filed the grievance and attached a one-sentence affidavit stating that a prison therapist had told him in October 2008 that his worsening shoulder condition was the result of a failure to receive physical therapy.

The district court granted summary judgment for Dr. Ngu, concluding that Everett's grievance was untimely. The court explained that in his complaint Everett alleged that he knew about the need for physical therapy just days after the surgery (nearly one year before

he filed his grievance), and that he could not withdraw that admission by affidavit. *See Taylor v. Monsanto Co.*, 150 F.3d 806, 809 (7th Cir. 1998).

Everett now appeals and argues that because the prison grievance official and the appeals board considered his grievance on the merits, any untimeliness was excused, and he has thus exhausted his remedies.[1] It is true that in prisoner suits under § 1983, "when a state treats a filing as timely and resolves it on the merits, the federal judiciary will not second-guess that action, for the grievance has served its function of alerting the state and inviting corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("[I]f prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted.").

But both *Riccardo* and *Conyers* involved prisoner grievances that were facially untimely. Everett's, however, was not. Rather, he suggests in his grievance that he learned "recently" of the connection between his shoulder pain and the lack of physical therapy (i.e., within 60 days of grieving)—a suggestion that he now admits is incorrect. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Everett's account in his grievance of when and how he learned that he needed physical therapy did not give the grievance officer a fair opportunity to recognize, as we do, that the grievance was untimely. Thus, we agree that Everett failed to exhaust his administrative remedies.

We have considered Everett's other arguments, but they do not warrant further discussion.

AFFIRMED.

---

[1] Everett did not present this argument to the district court. But although arguments raised for the first time on appeal are generally waived, Dr. Ngu has waived the waiver by failing to object in his submission. *See United States v. Fields*, 371 F.3d 910, 916 n.3 (7th Cir. 2004); *United States v. Angle*, 234 F.3d 326, 335 n.11 (7th Cir. 2000).